IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE HERNAN BORDA | * | |
| Petitioner | * | |
| v | * | Civil Action No.  DKC-17-0762 |
| | * | Criminal No. DKC-95-267-001 |
| UNITED STATES | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

On March 15, 2017, Jose Borda filed this Motion to Vacate the four-point level enhancement to his sentence for his role in the offense.  ECF No. 685.  Borda's motion to vacate is a second or successive motion, as his first motion to vacate was denied by this court on August 28, 2001.  *See  Borda v. United States*, Civil Action No. AW-00-1527 (D. Md. 2000).  ECF No. 542.

Federal inmates are not permitted to file second or successive motions under § 2255 without obtaining certification to do so from a panel of the appropriate court of appeals.  28 U.S.C. §§ 2255(h), 2244(b).  As Borda provides no evidence that he has obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit, the motion will be dismissed without prejudice for lack of jurisdiction.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1).  "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).  A petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented

were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484).

Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). Denial of a Certificate of Appealability does not prevent Borda from seeking permission to file a successive petition or pursuing his claims after obtaining such permission. Borda may seek redress by filing a motion to vacate, set aside or correct sentence in this court after obtaining the requisite pre-authorization from the United States Court of Appeals for the Fourth Circuit. An Order consistent with this Memorandum Opinion follows.

March 29, 2017                                          _____/s/_____
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge